Kristin Grant (KG0303)
Grant Attorneys at Law PLLC
125 Park Avenue, 25th Floor
New York, NY 10017
T: 212-520-6633
F: 646-952-7733

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| RODNEY DUGUE, | Civil Action No. 17-5694 |
| Plaintiff, | **COMPLAINT** |
| -against- | |
| PINK TEA CUP LLC and WE TV LLC | JURY DEMAND |
| Defendants. | |

Plaintiff Rodney Dugue ("Dugue" or "Plaintiff"), by its counsel, for its Complaint against Pink Tea Cup LLC ("Pink Tea Cup") and We TV LLC ("We TV") (each a "Defendant" and collectively, the "Defendants"), hereby alleges as follows:

### NATURE OF THE ACTION

1. This an action for copyright infringement under the United States Copyright Act of 1976, as amended, 17 U.S.C §101, et seq. (the "Copyright Act"), and for unjust enrichment. This action arises out of Defendants' unauthorized use of the Plaintiff's copyright-protected work in furtherance of Defendants' business dealings.

**THE PARTIES, JURISDICTION AND VENUE**

1. Dugue is an individual residing in the county of Queens, State of New York.

2. Upon information and belief, Defendant Pink Tea Cup is a limited liability company organized and existing under the laws of the State of New York with an address for service of process at 1114 Myron Street, Uniondale, NY 11553 and a principal place of business at 120 Lafayette Avenue, Brooklyn, NY 11238.

3. Upon information and belief, Defendant We TV is a limited liability company organized and existing under the laws of the State of Delaware, with an address for service of process at 80 State Street, Albany, NY 12207.

4. This Court has subject matter jurisdiction under 17 U.S.C. § 101, *et seq*.; 28 U.S.C. § 1331 (federal question); and 28 U.S.C. § 1338(a) (copyright). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

5. This Court has personal jurisdiction over Defendant Pink Tea Cup because Pink Tea Cup is domiciled in this District, engages in continuous and systematic business activities in this District, and is registered to do business in New York.

6. This Court has personal jurisdiction over Defendant We TV because We TV engages in continuous and systematic business activities in this District, regularly solicits business in New York, and is registered to do business in New York.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 1400(a) because Defendant Pink Tea Cup resides in the district and all Defendants reside in the State of New York, and a substantial part of the actions and wrongful conduct underlying these claims occurred in this District.

## FACTUAL BACKGROUND

8. Dugue is an individual residing in the County of Queens in the State of New York.

9. Pink Tea Cup is a soul food restaurant which, upon information and belief, opened in Brooklyn, New York in or around October 2013. Prior to residing in Brooklyn, Pink Tea Cup was located in Manhattan, New York.

10. On June 18, 2013, Dugue, as a previous restaurant industry worker, was introduced by a mutual friend to the owner of Pink Tea Cup, Lawrence Page ("Page"). Upon information and belief Dugue and Page entered into an oral agreement wherein Dugue would manage the new Brooklyn Pink Tea Cup location when it opened.

11. Upon information and belief, in or around June 2013, Dugue mentioned to Page that the Pink Tea Cup logo should be revamped (see **Exhibit 1** for a copy of the Pink Tea Cup logo) and expressed his desire to provide suggestions for new branding.

12. Upon information and belief, Page was not keen on changing the Pink Tea Cup's branding but agreed to take a look at Dugue's creative suggestions. On September 23, 2013 Dugue provided (via email) Page with a copy of his original graphic art for Page's feedback, a copy of which is attached as **Exhibit 2** (the "Original Work").

13. Upon information and belief, Dugue received no response from Page regarding the Original Work.

14. Upon information and belief, the Pink Tea Cup's Brooklyn location opened in or around October 2013 and Dugue was not offered the manager position.

15. Upon information and belief, in or around February 2017 Dugue became aware, through the airing of its trailer, of the reality television show "Hustle & Soul" scheduled to broadcast on the We TV channel in or around March 2017. "Hustle & Soul" is a reality series centered around

the Pink Tea Cup and its staff. The show features a substantially similar copy of the Original Work displayed in the window of the Pink Tea Cup. See **Exhibit 3**.

16. On March 13, 2017 Dugue, through his then counsel, sent Page a letter notifying him of his infringing activities and demanding that he cease and desist such activities.

17. On March 16, 2017 "Hustle & Soul" premiered on We TV. Upon information and belief "Hustle & Soul" remains available through re-runs of the show on the We Tv channel, and for purchase through 'On Demand' programming.

18. Upon information and belief, Pink Tea Cup used and continues to use a substantially similar copy as well as an identical copy of the Original Work on numerous items, some of which include, but are not limited to the Pink Tea Cup storefront, apparel, website available at www.thinkpinkteacup.com, and business cards. See **Exhibit 4.**

19. Upon information and belief, We TV used and displayed a substantially similar copy as well as an identical copy of the Original Work on numerous marketing and promotional content and during events. See also **Exhibit 4**.

20. On April 5, 2017 Page, through his counsel, sent the Plaintiff a letter refusing to comply with the Plaintiff's demands.

21. Dugue owns a valid copyright registration with the United States Copyright Office for the Original Work at issue, a copy of such registration is attached as **Exhibit 5**.

22. Upon information and belief, Dugue did not provide permission to the Defendants to reproduce, display, or create derivative works of his copyrighted Original Work.

23. Upon information and belief, Dugue was not commissioned to create the Original Work nor did he receive any compensation for the creation or use of the Original Work.

## FIRST CAUSE OF ACTION
*(Copyright Infringement Against All Defendants)*

24. Plaintiff repeats and incorporates by reference each and every allegation contained in Paragraphs 1 - 22 above.

25. At all times herein, Plaintiff has been and is still the owner, and proprietor of all rights, title and interest in and to the Original Work.

26. Defendants had access to the Original Work.

27. There is substantial similarity between the Original Work and the infringing copies.

28. Defendant Pink Tea Cup unlawfully and willfully reproduced and displayed the Plaintiff's copyrighted work and created derivative works of the Plaintiff's copyrighted work, without authorization and/or compensation, in furtherance of its business.

29. Defendant We TV unlawfully displayed the infringing works, without authorization and/or compensation, in furtherance of its business.

30. The acts of Defendants complained of herein constitute infringement of Plaintiff's exclusive rights in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

31. As a direct and proximate cause of the infringement by the Defendants, Plaintiff has been substantially harmed in an amount to be determined during trial.

## SECOND CAUSE OF ACTION
*(Unjust Enrichment Against All Defendants)*

32. Plaintiff repeats and incorporates by reference each and every allegation contained in Paragraphs 1 - 22 above.

33. Defendants were enriched through the use, reproduction and/or public display of the

Plaintiff's copyrighted work, without permission, for their own commercial benefit.

34. Plaintiff received no compensation from Defendants' use, reproduction and/or public display of Plaintiff's copyrighted work.

35. As a result of Defendants' infringing activities, Defendants have been unjustly enriched.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment against the Defendants, as follows:

1. Granting Plaintiff a permanent injunction pursuant to 17 U.S.C. § 502 enjoining Defendants:

   > i. from directly or indirectly infringing in any manner on Plaintiff's Original Work.
   >
   > ii. from causing, contributing to, enabling, facilitating, or participating in the infringement of Plaintiff's copyright;

2. Ordering the destruction or other reasonable disposition of all infringing copies pursuant to 17 U.S.C. § 503;

3. Directing Defendants to account for and pay over to Plaintiff all gains and profits derived by Defendants as a consequence of the infringement of Plaintiff's copyrighted work pursuant to 17 U.S.C. § 504;

4. Awarding Plaintiff attorney's fees in investigating, seeking to resolve, bringing, and prosecuting this action pursuant to 17 U.S.C. 505;

5. Awarding Plaintiff's pre and post judgement interest on any monetary award; and

6. Awarding Plaintiff such other and further relief as this Court deems just and proper.

- 7 -

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury in this instant controversy.

Dated: September 28, 2017			Respectfully Submitted,

						GRANT ATTORNEYS AT LAW PLLC

						By: _____
						Kristin Grant (KG0303)
						125 Park Avenue, 25th Floor
						New York, NY 10017
						T: 212-520-6633
						F: 646-952-7733
						*Attorneys for Plaintiff*